UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:16CV-P100-JHM

**DOUGLAS MICHAEL VEACH**                                                                      **PLAINTIFF**

v.

**SOUTHERN HEALTH PARTNERS** *et al*.                                           **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Douglas Michael Veach filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss Plaintiff's claims upon initial screening.

### I.

Plaintiff states that he is a pretrial detainee at the Henderson County Detention Center (HCDC). He sues Southern Health Partners and Kendra, whom he identifies as a "nurse/Southern Health Partners" at HCDC, in her individual and official capacities.

As his statement of the claim, Plaintiff states as follows:

> I had realized something was wrong with my body and I was cramping in my legs for intervals of 15 minutes, and also realized I was losing weight very rapidly, and it also seemed my vision was blurry. I was wondering if it was the blood pressure medicine, and I put in for blood work test and was eventually given one. I was called down to medical for a sick call and I had a rash on the back of my leg and I asked the results of my blood test and was then told that all my blood test were good except for my glucose was high. I feel she said it was almost 400. I did not realize at that point that when she seen how high my glucose was that I should of been tested.

Plaintiff reports that the results were sent to the healthcare staff on April 1, 2016. He states, "At this point I was priviledged to go to a life changing program that is faith based that

has a very long list to get in to, and there is only 10 beds out of over 600 inmates in the facility."

Plaintiff further states:

> So my vision started becoming very blurry and I informed the nurses that bring meds to the program window that I want off of the blood pressure meds because something is wrong. As time went by I was refusing blood pressure meds because I felt like I was dying. I realized my perfect vision was gone. I then began to verbally ask for blood sugar tests. I went completely blind while speaking to another inmate in the program.

Plaintiff asserts that he then put in another sick call request "thinking it was my blood pressure meds." He states that on June 10, 2016, he asked to get his blood sugar tested and it was over 400. He states, "This nurse Kendra had her shoot me with insulin and sent me back to the program." He states that he began to eat properly, cut his sugar reading in half, and stayed in the program for a while. He states that he was "brought to medical twice a day." He states, "I also became depressed that my body was not functioning properly and I was blessed to be in a program with brothers of Christ to walk with me. And out of no where this nurse Kendra pulls me out of the life changing program. That the courts were notified I was in." Plaintiff alleges, "Not only was I stripped from a great religious program that can help change my life, but I went thru hell for 2 months." He continues:

> [W]hoever that was in charge that recieved my results of my blood work should of noticed immediately on 4/1/2016 that my glucose was high. And I feel that ripping me out of a religious program that is so hard to get into should of been handled different. I feel I should of been put on some restrictions as diabetics and still be checked twice a day from L.C.P. program.

Plaintiff further states, "I have been here for at least 10 months and have not seen a doctor one time. [] I also informed them that I had taken infuron a form of chemo and had to be careful to not damage my organs."

As relief, Plaintiff seeks compensatory and punitive damages and release from incarceration.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

*Medical treatment*

The Court construes Plaintiff's claims concerning his medical treatment as alleging 42 U.S.C. § 1983 claims of deliberate indifference to his serious medical needs in violation of the Eighth Amendment.[1] To establish an Eighth Amendment violation premised on inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834 (6th Cir. 2002). "'Deliberate indifference' by prison officials to an inmate's serious medical needs constitutes 'unnecessary and wanton infliction of pain' in violation of the Eighth Amendment's prohibition against cruel and unusual punishment." *Miller v. Calhoun Cty.*, 408 F.3d 803, 812 (6th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. at 104).

---

[1] "[S]tate pretrial detainees are shielded from cruel and unusual punishments by the Fourteenth Amendment's Due Process Clause" while convicted inmates are protected by the Eighth Amendment's Cruel and Unusual Punishments Clause. *Spencer v. Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006) (footnote and citations omitted). For the purposes of initial review, however, this is largely a distinction without a difference because the Due Process Clause of the Fourteenth Amendment provides pretrial detainees with rights analogous to those under the Eighth Amendment, and the same analysis applies to both. *See Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001).

4

A claim of deliberate indifference under the Eighth Amendment has both an objective and a subjective component. The objective component requires the existence of a sufficiently serious medical need. *Turner v. City of Taylor*, 412 F.3d 629, 646 (6th Cir. 2005). To satisfy the subjective component, the defendant must possess a "sufficiently culpable state of mind," rising above negligence or even gross negligence and being "tantamount to intent to punish." *Horn v. Madison Cty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). Put another way, "[a] prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet recklessly disregards the risk by failing to take reasonable measures to abate it." *Taylor v. Boot*, 58 F. App'x 125, 126 (6th Cir. 2003) (citing *Farmer v. Brennan*, 511 U.S. at 832). Mere negligence will not suffice. *Farmer v. Brennan*, 511 U.S. at 835-36.

Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

> We distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.

*Id.* (citations omitted). Mere disagreement over medical treatment cannot give rise to a constitutional claim of deliberate indifference. *Durham v. Nu'Man*, 97 F.3d 862, 869 (6th Cir. 1996).

The complaint makes clear that Plaintiff received medical treatment. When he realized that he had a medical problem, he received blood tests and was seen by medical staff for a sick call. While in the rehabilitative program, he was receiving medication for his blood pressure, and once his problem was diagnosed, he states that he was brought to medical twice a day. It is

evident that Plaintiff does not allege a complete denial of treatment but disputes the adequacy of his treatment. However, such disagreement is not sufficient to give rise to an Eighth Amendment claim. An inmate's disagreement with medical staff over the proper medical treatment "alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable as a federal constitutional claim." *Owens v. Hutchinson*, 79 F. App'x 159, 161 (6th Cir. 2003). The allegations may give rise to a claim of medical malpractice but do not state a constitutional claim. Therefore, Plaintiff's claims alleging improper medical treatment must be dismissed for failure to state a claim upon which relief may be granted.

*Rehabilitative program*

The Court also construes the complaint as alleging a constitutional violation concerning Plaintiff's removal from the rehabilitative program. However, a prisoner does not have a constitutional right to participate in particular rehabilitative programs. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (explaining that prisoner classification and eligibility for rehabilitation programs are not subject to constitutional protections); *Carter v. Corr. Corp. of Am.*, No. 98-6336, 1999 U.S. App. LEXIS 13619, at *4 (6th Cir. June 15, 1999) ("[P]risoners have no constitutionally cognizable right to rehabilitative programs.") (citations omitted); *Griffin v. Kallen*, 791 F.2d 933 (6th Cir. 1986) (per curiam) (unpublished table decision) ("[P]risoner has no constitutional entitlement to a particular classification or to any particular eligibility for rehabilitative programs."). Therefore, this claim fails to state a constitutional violation and must be dismissed.

For the above reasons, the Court will dismiss the action by separate Order.

Date: January 27, 2017

                                                      **Joseph H. McKinley, Jr., Chief Judge**
                                                        **United States District Court**

cc: Plaintiff, *pro se*
      Defendants
4414.010